UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEAN L. ANDERS,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>               Defendant. | NO: CV-13-0344-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 17 and 18. This matter was submitted for consideration without oral argument. Plaintiff was represented by Dana C. Madsen. Defendant was represented by Catherine Escobar. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Dean L. Anders protectively filed for supplemental security income ("SSI") on November 8, 2010 alleging an onset date of February 25, 2010. Tr. 172-177. Benefits in this application were denied initially and upon reconsideration. Tr. 117-124, 129-139. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Gene Duncan on March 18, 2011. Tr. 45-93.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 1

1  Plaintiff was represented by counsel and testified at the hearing. Tr. 48-55, 60-81.

2  Medical expert James M. Haynes, M.D. and vocational expert Deborah Lapoint,

3  Ph.D. also testified. Tr. 55-60, 81-92. The ALJ found the claimant was disabled for

4  the closed period of November 8, 2010 through December 31, 2011 (Tr. 30), but

5  found medical improvement occurred as of January 1, 2012 (Tr. 33-34) and

6  therefore denied benefits after that date. Tr. 17-38. The Appeals Council denied

7  review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

8                              **STATEMENT OF FACTS**

9         The facts of the case are set forth in the administrative hearing and

10  transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

11  and will therefore only be summarized here.

12         Plaintiff was 46 years old at the time of the hearing. Tr. 172. He quit school

13  in the ninth grade but did receive his GED. Tr. 49. Plaintiff's most recent

14  employment was temporary "labor ready type work" such as moving and

15  dishwashing jobs. Tr. 51.  Previous employment included carpenter, tree planter,

16  loader, masonry, insulation installer, and logger. Tr. 54, 213. Plaintiff claims

17  disability based on neck and back problems including degenerative disc disease.

18  Tr. 51-52, 129. He testified his pain is 7 out of 10 on a regular basis and sometimes

19  is a 10. Tr. 54. He testified he "don't hardly do anything with [his] right side" and

20  cannot lift at all on that side. Tr. 62-63. Plaintiff testified that he is in pain when he

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 2

bends over or squats down. Tr. 74-75. He testified he cannot sit or stand for more than an hour, and can walk a mile "sometimes." Tr. 75. Plaintiff testified he has "extreme" anxiety and depression. Tr. 65. He testified that he has low energy, difficulty concentrating on tasks, and does not get along with people. Tr. 65, 68-69.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 3

1    *Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

2    reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An

3    error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

4    determination." *Id.* at 1115 (quotation and citation omitted). The party appealing

5    the ALJ's decision generally bears the burden of establishing that it was harmed.

6    *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

7                          **SEQUENTIAL EVALUATION PROCESS**

8            A claimant must satisfy two conditions to be considered "disabled" within

9    the meaning of the Social Security Act. First, the claimant must be "unable to

10   engage in any substantial gainful activity by reason of any medically determinable

11   physical or mental impairment which can be expected to result in death or which

12   has lasted or can be expected to last for a continuous period of not less than twelve

13   months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

14   "of such severity that he is not only unable to do his previous work[,] but cannot,

15   considering his age, education, and work experience, engage in any other kind of

16   substantial gainful work which exists in the national economy." 42 U.S.C. §

17   1382c(a)(3)(B).

18           The Commissioner has established a five-step sequential analysis to

19   determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

20   404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  4

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the

claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

1    claimant's "residual functional capacity." Residual functional capacity ("RFC"),

2    defined generally as the claimant's ability to perform physical and mental work

3    activities on a sustained basis despite his or her limitations (20 C.F.R. §§

4    404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

5    analysis.

6        At step four, the Commissioner considers whether, in view of the claimant's

7    RFC, the claimant is capable of performing work that he or she has performed in

8    the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

9    If the claimant is capable of performing past relevant work, the Commissioner

10   must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f).

11   If the claimant is incapable of performing such work, the analysis proceeds to step

12   five.

13       At step five, the Commissioner considers whether, in view of the claimant's

14   RFC, the claimant is capable of performing other work in the national economy. 20

15   C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the

16   Commissioner must also consider vocational factors such as the claimant's age,

17   education and work experience. *Id.* If the claimant is capable of adjusting to other

18   work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

19   404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  6

1  work, the analysis concludes with a finding that the claimant is disabled and is

2  therefore entitled to benefits. *Id.*

3      The claimant bears the burden of proof at steps one through four above.

4  *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

5  the analysis proceeds to step five, the burden shifts to the Commissioner to

6  establish that (1) the claimant is capable of performing other work; and (2) such

7  work "exists in significant numbers in the national economy." 20 C.F.R. § §

8  404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir. 2012).

9      After determining Plaintiff was disabled beginning November 8, 2010, the

10 ALJ was then required to determine whether disability continued through the date

11 of the decision by performing the seven step sequential evaluation process pursuant

12 to Title II regulations. Tr. 23-24; 20 C.F.R. § 404.1594.

13                          ALJ'S FINDINGS

14     At step one, the ALJ found Plaintiff has not engaged in substantial gainful

15 activity since November 8, 2010, the date the claimant became disabled. Tr. 24. At

16 step two, the ALJ found that from November 8, 2010 through December 31, 2011

17 Plaintiff had the following severe impairments: status post fusion at C6-7; status

18 post right shoulder subacromial decompression with clavicle resection; major

19 depression; pain disorder due to psychological factors and general medical

20 condition; and personality disorder with cluster B features. Tr. 24. At step three,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 7

the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 27. The ALJ then determined that from November 8, 2010 through December 31, 2011, Plaintiff had the RFC

> to perform light work as defined in 20 CFR 416.967(b) that is routine, or learned. He is limited to no use of the right upper extremity. He cannot engage in climbing of ladders, working at heights or near hazards, or with vibrating equipment. He can work where there is no face-to-face public contact. He would work best with objects, not people, in his own space where he would not be distracted by coworkers or be an occasional distraction to coworkers. He would work best with supervision that is seldom, tolerant, and provides hands on training as necessary. He works best without intense interaction with coworkers. He cannot work where there is direct access to drugs or alcohol or where he is responsible for the security of others. He would be expected to be off task 5% of the workday in small increments. He should avoid complex, high stress work. He would work best with goals and not deadlines. He cannot perform fast-paced production rate work.

Tr. 28. At step four, the ALJ found Plaintiff has no past relevant work. Tr. 29. At step five, the ALJ found that from November 8, 2010 through December 31, 2011, considering the Plaintiff's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 29-30. The ALJ concluded that Plaintiff was under a disability, as defined in the Social Security Act, from November 8, 2010 through December 31, 2011. Tr. 30.

1   After he found Plaintiff disabled, the ALJ performed the seven step

2   sequential evaluation used to determine if his condition improved prior to the date

3   of the decision. Tr. 30-34. At step one, the ALJ found Plaintiff had not developed

4   new impairments since January 1, 2012, the date Plaintiff's disability ended, and

5   thus Plaintiff's severe impairments are the same as those present from November

6   8, 2010 through December 31, 2011. Tr. 30. At step two, the ALJ determined there

7   was medical improvement as of January 1, 2012, and at step three the ALJ found

8   the improvement is related to the ability to work because there has been an

9   increase in the Plaintiff's residual functional capacity. Tr. 30-31. Having found

10   Plaintiff's improvement increased his ability to work, the ALJ proceeded to step

11   six where he found that beginning January 1, 2012 Plaintiff had the RFC

> to perform light work as defined in 20 CFR 416.967(b) that is routine, or
> learned. He is limited to no more than frequent use of the right upper
> extremity, and should avoid overhead work. He cannot engage in climbing
> of ladders, working at heights or near hazards, or with vibrating equipment.
> He can work where there is no face-to-face public contact. He would work
> best with objects, not people, in his own space where he would not be
> distracted by coworkers or be an occasional distraction to coworkers. He
> would work best with supervision that is seldom, tolerant, and provides
> hands on training as necessary. He works best without intense interaction
> with coworkers. He cannot work where there is direct access to drugs or
> alcohol or where he is responsible for the security of others. He would be
> expected to be off task 5% of the workday in small increments. He should
> avoid complex, high stress work. He would work best with goals and not
> deadlines. He cannot perform fast-paced production rate work.

Tr. 31. Because the ALJ found Plaintiff had no past relevant work, he went on to

step seven where he found that beginning January 1, 2012, considering the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  9

1    Plaintiff's age, education, work experience, and RFC, there have been jobs that

2    exist in significant numbers in the national economy that Plaintiff can perform,

3    specifically, housekeeper/cleaner. Tr. 33-34. The ALJ concluded that Plaintiff's

4    disability ended January 1, 2012. Tr. 34.

### ISSUES

6        The question is whether the ALJ's decision is supported by substantial

7    evidence and free of legal error. Specifically, Plaintiff asserts: [1] (1) the ALJ

8    improperly discounted Plaintiff's credibility; (2) substantial evidence does not

9    support the ALJ's finding of medical improvement; and (3) the ALJ improperly

10    weighed the medical opinion evidence. ECF No. 17 at 9-15. Defendant argues: (1)

11    the ALJ reasonably found that Plaintiff's testimony was not fully credible; and (2)

12    substantial evidence supports the ALJ's weighing of the medical opinions. ECF

13    No. 18 at 6-20.

_____

[1] Plaintiff also cursorily argues that the ALJ's RFC determination is not supported

15    by substantial evidence because the ALJ did not "explore [Plaintiff's] sex offender

16    status in the RFC, nor did the VE take it into account in determining [sic] that

17    [Plaintiff's] ability to engage in work as a housekeeper/cleaner." ECF No. 17 at 14-

18    15. The court declines to address this issue as it was not raised with specificity in

19    Plaintiff's opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d

20    1155, 1161 n.2 (9th Cir. 2008).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 10

**DISCUSSION**

**A. Credibility**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 11

claimant's work record; and (5) testimony from physicians or third parties

concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent

any evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

661, 672 (9th Cir.2012) (quotation and citation omitted).

    The ALJ found "the claimant's statements concerning the persistence and

limiting effects of [his] symptoms are not entirely credible." Tr. 32. Plaintiff argues

the ALJ failed to provide specific, clear, and convincing reasons for discrediting

Plaintiff's testimony. ECF No. 17 at 10-12. The court agrees. First, the ALJ found

Plaintiff "has a very poor work history combined with a 13 or 14-year prison

history,[2] and no real effort to look for work, working only two temporary jobs in

2010." Tr. 32. Poor work history is generally an appropriate factor to consider

when evaluating Plaintiff's credibility. *Thomas*, 278 F.3d at 959. In this case,

_____

[2] An ALJ may discredit a claimant's allegations based on relevant character

evidence including criminal history. *See Bunnell*, 947 F.2d at 346; *Albidrez v.*

*Astrue*, 504 F.Supp.2d 814, 822 (C.D. Cal. 2007) (convictions for crimes of moral

turpitude are proper basis for adverse credibility determination). However, as

correctly noted by Plaintiff, the relevance of his criminal history in this context is

unclear, and does not qualify as a specific, clear and convincing reason to discount

Plaintiff's credibility. ECF No. 17 at 10.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 12

however, the ALJ's reasoning is not supported by substantial evidence in the record. While not acknowledged by the ALJ, the record indicates that Plaintiff *did* work during his period of incarceration from 1998-2009 as a kitchen worker, maintenance worker, and in the "furniture factory" and "food factory." Tr. 213, 217-220. The ALJ also does not offer evidence to support his finding that Plaintiff had "a very poor work history" when not incarcerated. Tr. 32. Finally, the ALJ asserts that Plaintiff made "no real effort to look for work, working only two temporary jobs in 2010." Tr. 32. However, Plaintiff testified that he *did* attempt to return to work in 2010 but could not because of the pain. Tr. 51. In this context, the "two temporary jobs" offered by the ALJ as evidence of a lack of "effort" on Plaintiff's part are more appropriately interpreted as support for his Plaintiff's testimony that he did attempt to return to work in 2010. Tr. 32. Overall, this reason was not specific, clear and convincing.

Second, the ALJ found Plaintiff's daily activities of "riding a bicycle, picking up trash (apparently as part of his ongoing probation), attending classes, and taking the bus to get places … are inconsistent with his claims of total disability due to inability to be around people or because of significant, limiting pain." Tr. 33. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). It is well-settled that a claimant need not be utterly incapacitated in order to be eligible

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  13

for benefits. *Id.*; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). However, there are two grounds for using daily activities to form the basis of an adverse credibility determination. *See Orn*, 495 F.3d at 639. First, the daily activities may contradict a claimant's other testimony. *Id.*; *Molina*, 674 F.3d at 1113 ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). Second, daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his or her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn*, 495 F.3d at 639.

In making a credibility finding, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Here, the ALJ does not identify the specific testimony he finds not to be credible, nor did he offer explanations for why the evidence undermines Plaintiff's testimony. As noted by Plaintiff, and seemingly confirmed by the record, the daily activities noted by the ALJ are "limited, modified, and not demanding." ECF No. 17 at 11. Plaintiff testified that he used to ride his mountain bike often, but lately

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  14

1    rides just "a little bit as best [he] can." Tr. 69. He testified that gets around by

2    walking or taking a bus pass "if he has one," and he reported to a medical provider

3    that he was homeless and did not have a valid driver's license so he "relies on

4    walking." Tr. 76, 358. The ALJ does not analyze how this limited physical activity

5    is incompatible with the level of disability claimed by the Plaintiff. Although not

6    specifically cited by the ALJ, the record also indicates that in 2011 Plaintiff took a

7    Moral Recognition Therapy ("MRT") class "at the suggestion of his CO" and

8    "pick[ed] up trash as a way of contributing." Tr. 394. Another record states

9    Plaintiff was "following through" with "required classes, groups." Tr. 387. Again,

10   these records do not contain enough detail to sufficiently determine whether the

11   level of physical activity or involvement with other people contradicted Plaintiff's

12   claims of disability. *See Thomas*, 278 F.3d at 958 (ALJ must "make a credibility

13   determination with findings sufficiently specific to permit the court to conclude

14   that the ALJ did not arbitrarily discredit claimant's testimony.") Finally, the ALJ

15   does not make any findings that these "daily activities" are performed for a

16   substantial part of the day or in a manner transferable to the workplace. For all of

17   these reasons, the ALJ's finding regarding Plaintiff's daily activities is not

18   supported by substantial evidence and therefore this is not a clear and convincing

19   reason to find Plaintiff not credible.

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 15

Third, and finally, the ALJ found that Plaintiff's claimed limitations were not supported by the objective medical record. Tr. 32-33. While medical evidence is a relevant factor in determining the severity of a claimant's disabling effects, subjective testimony may not be rejected solely because it is not corroborated by objective medical findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). As discussed above, the ALJ's other reasons for rejecting Plaintiff's testimony are not clear, convincing, and supported by substantial evidence. As such, even if the objective medical evidence does not support the level of impairment claimed, the negative credibility finding is inadequate because a lack of objective evidence cannot be the sole basis for discrediting Plaintiff's testimony.

Based on the foregoing, the ALJ failed to cite specific, clear and convincing reasons, supported by substantial evidence, for the adverse credibility finding. On remand, the ALJ should reconsider the credibility finding.

**B. Medical Improvement / Medical Opinion Evidence**

Once a claimant is found disabled, a presumption of continuing disability arises. *See Bellamy v. Sec'y of Health and Human Serv*., 755 F.2d 1380, 1381 (9th Cir. 1985). Although the claimant retains the burden of proof, the burden of production shifts to the Commissioner to produce evidence sufficient to rebut this presumption. *Id*. Disability benefits cannot be terminated unless substantial evidence demonstrates medical improvement in the claimant's impairment so that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  16

the claimant is able to engage in substantial gainful activity. *See* 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(a); *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983). Medical improvement is defined as

> any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s).

20 C.F.R. § 404.1594(b).

Here, the ALJ found medical improvement occurred as of January 1, 2012 based on three pieces of evidence. Plaintiff argues "[t]here is no substantial evidence to support the decision of the ALJ that [Plaintiff] improved by December 31, 2010 [3] and regained the ability to work." ECF No. 17 at 9. The court agrees. First, the ALJ found that orthopedic treatment records in July 2011 indicate Plaintiff was "doing well postoperatively both with his neck and right shoulder." Tr. 30, 370. However, this single record is not substantial evidence of medical improvement as shown by changes in symptoms, signs or laboratory findings. Moreover, the ALJ fails to acknowledge that records in 2011 after both surgeries

---

[3] Plaintiff misstates the date of alleged medical improvement here, but correctly references the date as December 31, 2011 throughout the rest of his brief.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  17

include multiple complaints and diagnoses of chronic pain in Plaintiff's neck and

right shoulder. Tr. 367, 370, 381, 387, 400, 409.

Second, in support of his medical improvement finding, the ALJ found that

"by September 2011," Dr. Kingsley Ugorji "opined at Exhibit 15F that [Plaintiff]

could begin job retraining." Tr. 30, 410, 417. In the portion of his decision

analyzing opinion evidence, the ALJ similarly relied on Dr. Ugorji's opinion that

"Plaintiff could work in three more months with job retraining." Tr. 33, 410, 417.

The record relied on by the ALJ is a letter written by Dr. Ugorji on September 21,

2011 and is recounted below in its entirety.

> [Plaintiff] is currently under my medical care and may not return to work in
> construction given his current chronic shoulder symptoms/pain. I have [sic]
> advice him to contact DR to consider vocational rehabilitation to help him
> go back to work. If he is still unable to go back to work in the next 3
> month[s] I will refer him for a functional capacity evaluation to determine
> his ability to work. Please excuse him for 3 month(s) while he make[s]
> arrangement for job retraining. If you require additional information please
> contact our office.

Tr. 417. Dr. Ugorji's notes from the same date also indicate that Plaintiff was

informed "his surgery was 4 months ago and she should be nearly fully recovered

for now…[and] he may need vocation[al] rehabilitation to help seek another line of

employment since going back [to] construction is very unlikely." Tr. 410. Plaintiff

argues that the ALJ's finding misstates this record. ECF No. 17 at 13. The court

agrees. Defendant contends that the ALJ could reasonably infer from Dr. Ugorji's

letter that Plaintiff was not totally disabled because he would be able to perform

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  18

1    "some type of work" after three months. ECF No. 18 at 14; *See Molina,* 674 F.3d

2    at 1111 (if evidence in the record "is susceptible to more than one rational

3    interpretation, [the court] must uphold the ALJ's findings if they are supported by

4    inferences reasonably drawn from the record.") However, the note from Dr. Ugorji

5    specifically notes that if Plaintiff is unable to work in the next three months, he

6    will send the Plaintiff for further evaluation to *determine* "his ability to work." Tr.

7    417. There is no evidence in the record that Plaintiff was sent for further evaluation

8    regarding his ability to work, nor is there any record of vocational retraining. Most

9    importantly, at no point does Dr. Ugorji opine that there is a decrease in the

10   medical severity of Plaintiff's medical impairments as required for a finding of

11   medical improvement. *See* 20 C.F.R. § 404.1594.

12       Third, the ALJ relied on the testimony of non-examining medical expert Dr.

13   Haynes that Plaintiff had "reasonable strength in his arm after his surgery and

14   would have had the ability to use his right upper extremity on an "unlimited" basis

15   below shoulder height, although he would continue to have some trouble with

16   work above shoulder height." Tr. 31, 58. A non-examining physician's opinion is

17   not, by itself, substantial evidence of medical improvement. *See Lester*, 81 F.3d at

18   831-32; *Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993) (*citing Pitzer v.*

19   *Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990) ("the non-examining physician's

20   conclusion, *with nothing more*, does not constitute substantial evidence…") (italics

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 19

in original); *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)

(opinion of a non-examining medical expert may serve as substantial evidence

when consistent with other independent evidence in the record). The only objective

evidence cited by Dr. Haynes in his testimony is the post-operative visit in

"January, 2011" that indicates "neck and arms are very good." Tr. 58, 315.

However, a review of the record reveals that on January 26, 2011 Plaintiff reported

to a physical therapist that after his neck surgery he was experiencing pain in his

cervical spine, and pain and stiffness in his upper and mid back. Tr. 326.

Moreover, despite some evidence of improvement in his *neck pain* after his neck

surgery in December 2010 (*See* Tr. 333), Plaintiff did not have shoulder surgery

until May 2011, well after the post-operative report cited by Dr. Haynes from

January 2011. Tr. 347-48. Records from January 2011 through May 2011 show

consistent treatment of Plaintiff's "chronic" right shoulder pain. Tr. 331, 343-44,

349, 352-53. After surgery in May 2011, the record continues to document ongoing

and consistent complaints of shoulder pain. Tr. 367, 370, 381, 387, 400, 409. Thus,

after an independent review of the record, the court finds the opinion of Dr.

Haynes does not appear to be consistent with evidence in the record, and therefore

does not, standing alone, constitute substantial evidence in support of the ALJ's

medical improvement finding.

1    Finally, the medical opinion evidence relied on by the ALJ in finding

2    medical improvement as of January 1, 2012 are the exact same records the ALJ

3    referenced in support of his finding that Plaintiff *was* disabled from November 8,

4    2010 through December 31, 2011. Tr. 29, 33. The record contains *no* medical

5    evidence of any kind from the period of several months before or after January 1,

6    2012, and thus cannot confirm any improvement in Plaintiff's symptoms as of that

7    date. For all of these reasons, the court concludes the ALJ failed to meet his burden

8    of producing evidence sufficient to rebut the presumption of continuing disability

9    as of January 1, 2012.

10    Moreover, even assuming arguendo that the ALJ did not err in finding

11    medical improvement as of January 1, 2012, Plaintiff also persuasively argues that

12    the ALJ erred in his consideration of the medical opinions, including those of Dr.

13    Ugorji and Dr. Haynes for largely the same reasons outlined above in this section.

14    ECF No. 17 at 13-14. Defendant argues that any error in the ALJ's consideration

15    of Dr. Haynes' opinion is harmless because the RFC includes all of his assessed

16    limitations. ECF No. 18 at 14-15. However, the RFC's vague limitation that

17    Plaintiff should "avoid overhead work," arguably does not account fully for Dr.

18    Haynes' assessment that Plaintiff could *not* lift his right arm over his head,

19    particularly when compared with the RFC assessed during the closed period of

20    disability that included a limitation of "no use of the right upper extremity." Tr. 28,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 21

31, 58-59. Plaintiff also correctly argues that Nurse Bichler's opinion cited by the ALJ as "consistent" with Dr. Haynes' testimony that Plaintiff could perform "light work," was assessed previous to either of Plaintiff's surgery and therefore cannot be "consistent" because it does not reflect any postural limitations work above shoulder level. Tr. 33, 277.

Finally, the ALJ gave "weight" to the only mental health opinion in the record, assessed by Dr. John Arnold, and found it was "not inconsistent" with the assessed RFC "that the claimant would have difficulty with social interaction but was still capable of performing simple instructions." Tr. 33. As noted by Defendant, Dr. Arnold did opine in the narrative portion of his report that Plaintiff could perform simple tasks, should work away from others, and could maintain concentration for "at least" short periods of time. Tr. 359. This portion of the opinion appears to be consistent with the assessed RFC. Tr. 31. However, Plaintiff argues that Dr. Arnold also found moderate limitations in Plaintiff's ability to maintain appropriate behavior in a work setting (Tr. 358), which the ALJ failed to incorporate into the assessed RFC. ECF No. 17 at 14. Defendant responds that the ALJ properly discredited Dr. Arnold's opinion because he "did not provide a significant basis for his opinion, such as testing or review of any records." Tr. 33; ECF No. 18 at 16-18. It is true that "[a]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 22

findings." *Thomas*, 278 F.3d at 957. However, despite generally noting the lack of "significant basis" for his opinion, the ALJ went on to assign "weight" to Dr. Arnold's entire opinion without qualification. Tr. 33. Therefore, the ALJ erred by failing to provide clear and convincing reasons for discounting the parts of his opinion not included in the RFC finding. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005) (if a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence"). Moreover, the VE testified that the omitted moderate limitation on Plaintiff's ability to maintain appropriate behavior in a work setting "would be expected to result in the worker losing the job." Tr. 90. Thus, the error is not harmless because it is not "inconsequential to the [ALJ's] ultimate nondisability determination." *Molina*, 674 F.3d at 1115.

For all of these reasons, remand is required to reconsider the medical evidence and further develop the record as to whether Plaintiff remained disabled after December 31, 2011. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("[a]n ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence").

**CONCLUSION**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 23

The ALJ's decision was not supported by substantial evidence and free of legal error. Remand is appropriate when, like here, a decision does not adequately explain how a conclusion was reached, "[a]nd that is so even if [the ALJ] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Barbato v. Comm'r of Soc. Sec.,* 923 F.Supp. 1273, 1276 n. 2 (C.D.Cal.1996) (citations omitted). On remand, the ALJ should reconsider his credibility analysis. Additionally, the ALJ must reconsider the medical opinion evidence, and further develop the record as to whether medical improvement occurred in the Plaintiff's condition after December 31, 2011.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 7th day of January, 2015.

_____s /Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 24